Newman, J.
We must presume that the will in question was drawn with knowledge, on the part of the testator, of the laws of distribution of the state of Ohio. The word “distribution” applies' particularly to personal property, but the use of the word by the testator in this case should not be taken in its technical sense, but should be extended so as to apply to all the estate, real, personal and mixed.
It is urged by counsel for the widow that the testator had in mind Section 8574, General Code, applicable to non-ancestral real estate, and Section 8592, pertaining to personal property, and that these sections, together with Sections 8573, 8578 and 8606, should be read into the will; that, reading these sections into the will, the testator, in the us'e of the words “my widow” and “in the cases where wives survive husbands' who die intestate,” intended to give to his widow all that she would have .taken had no will been written. There are two sections of the Code, *304 relating to the case of a wife surviving her husband who dies intestate — one where there are children, and one where there are not. It is claimed by counsel that, while the testator does not, in words, say that he had reference to cases where husbands die intestate without children, yet the language actually used must be taken in connection with the words, “my widow,” and that he had in mind his own case where there were no children, and, therefore, the widow took all the Ohio real estate, under Section 8574, and all the personal property, under Section 8592.
But, in construing this will, we must not depart from the well established rules of construction. The rule approved by this court in Robbins v. Smith, 72 Ohio St., 17, should be recognized, and the “conflicting provisions of a will should be reconciled so as to conform to the manifest general intent.” It was evidently the intention of the testator, in the case at bar, and clearly so we think, that the widow was to have but a part, or interest, in the estate, real and personal. This is evidenced by the use of these words in Item two, and the bequest and devise to James E. Foster of the remainder of the property, real and personal, in Item three, gives additional force to this position. The brother is to receive a portion of the personal property, and, if the construction claimed by the widow is tenable, Item three of the will, as to personal property, would be wholly ineffective.
The part the widow was to receive is the part secured to her by the laws of distribution of the *305 state of Ohio. Can it be urged, with any force, that the whole estate of a husband is secured to his widow by the laws of the state, even if there are no children, in the sense that the word is ordinarily and generally used? We cannot subscribe to the meaning given the word “secured” by the circuit court, when it held that the testator meant that the widow was devised and bequeathed that which she would “obtain” or “have” as his widow. The laws of this state will protect a widow to the extent of her dower interest in the realty and to a one-third (approximately) interest in the personal estate, in the occupancy of the mansion house, under Section 8607 of the Code, and her year’s allowance, under Section 10656. The husband is free to dispose of the remainder as he sees fit, and the protection afforded her by the law cannot affect such a disposition made by the husband. As has been said in this case, the widow is the prospective heir at law of all the estate in the event there are no children, but it cannot be said that she is secured - in this, for the reason that two-thirds (approximately) of the estate can be taken from her, by the husband, by will.
Had the testator intended that James E. Foster should have the Kentucky real estate only, this could have been provided for by a devise to him of that property, and the residue of the estate to the widow. This certainly would have been the ordinary and customary method, but clearly the intention of the testator was different, for he provides that the widow is to have a part of the *306 real and personal property, and the brother the remainder.
Evidence was offered by counsel for plaintiffs in error tending to show the circumstances of the testator, his character, the objects of his bounty and his ties of affection and the instructions to the scrivener who drew the will. This evidence was rightly rejected by the trial court, in accordance with the well settled rules as to the competency of extrinsic evidence in the construction of a will, as laid down by this court in Lessee of Worman v. Teagarden, 2 Ohio St., 380, and Townsend's Exrs. v. Townsend, 25 Ohio St., 477. It appears, from the record, that the fact that the testator had no children, and the further fact that the property was acquired by purchase, were admitted, and no objection made to the use of these facts in aiding in the construction of the will. We might say that, in our view of the matter, these facts are wholly immaterial — the part of a husband’s estate secured to his wife being the same whether there are children or not, or whether the property is ancestral or nori-ancestral.
Our attention has been called to the case of Smith v. Hunter, Trustee, 86 Ohio St., 106. This case, in our opinion, is not in point, and is not applicable to the case at bar.
We conclude, therefore, that, under the terms of this will, the widow is entitled to her dower interest in the Ohio real estate and to one-half of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution. In addition thereto, she would be *307 entitled to the use of the mansion house for a year, under the provisions of Section 8607, and the year’s allowance provided for in Section 10656. The remainder of the estate, real, personal and mixed, upon the death of the testator, went to the brother, James E. Foster, and the several plaintiffs in error, heirs and personal representatives of said James E. Foster, deceased, have succeeded to his interest as such, and judgment is rendered accordingly.
Judgments of the circuit and common pleas courts reversed, and judgment for plaintiffs in error.

Judgments reversed.

Shauck, C. J., Johnson, Donahue, Wanamakee and Wilkin, JJ., concur.